PER CURIAM.
This court has before it a petition for writ of prohibition challenging the jurisdictional authority of the circuit court in Polk County to proceed in a dependency matter. A petition for writ of habeas corpus has also been filed which demands the return of the child to the custody of the petitioners. We deny the petitions.
The child at the center of this matter has just turned four years old. The petitioners, H.L. and M.L., are the maternal grandparents who have raised the child from the time she was a few weeks old. In 1995, the maternal grandparents filed a petition in Polk County seeking to formally adopt the child. On October 27, 1997, an order was entered in Polk County denying the petition for adoption. The order did not dismiss the adoption proceeding, but required the maternal grandparents, the mother, and the natural father to “maintain the status quo until further order of this court.” A trial court in an adoption proceeding is required to determine the person who is to have custody of the child if the petition is dismissed. See § 63.142(3)(a), Fla. Stat. (1997). In this case, the trial court granted temporary custody to the maternal grandparents while continuing the proceeding to make a final determination of custody prior to the entry of an order of dismissal.
In December 1997, a report was filed with the Department of Children and Families in Polk County alleging abuse by the natural father. On January 9, 1998, the maternal grandparents and the child’s mother filed a joint petition to suspend the father’s visitation privileges. The Polk County court entered an order on February 5, 1998, providing for supervised visitation by the father. These proceedings were conducted under the adoption proceeding case number.
Early in 1998, the maternal grandparents relocated to Broward County to obtain necessary medical care for their terminally ill son. On March 16, 1998, a Verified Petition for Dependency was filed by the maternal grandparents in the circuit court in Broward County pursuant to section 39.404, Florida Statutes (1997). This dependency petition is unusual because it was filed by the custodians of the child and alleges abandonment by the non-eustodial mother and abuse by the non-custodial father who merely has supervised visitation with the child. The petition does not follow the customary format for such pleadings and does not explain the reason why the maternal grandparents filed a dependency action in Broward County rather than returning to the trial court in Polk County, the court which originally had given them lawful custody of the child.
On March 25, 1998, the Department of Children and Families in Polk County filed its own dependency petition. The trial court entered the last of several orders placing the child in shelter care on June 19, 1998. The child is currently in the custody of her paternal grandmother.
We conclude that the Polk County court never divested itself of jurisdiction over the child, the maternal grandparents, the mother, or the father. Further, the filing of *238 the petition in Broward County, even if proper, did not divest Polk County of jurisdiction such that this court should issue a writ of prohibition.
The maternal grandparents raise several issues in their petition for writ of habeas corpus and in their subsequently filed emergency motions. This court notes that at the time the Polk County court entered the shelter order placing the child with her paternal grandmother, this court had entered an order to show cause in these proceedings, which stays all actions by the trial court in the challenged proceeding. See Fla. R.App. P. 9.100(h). Despite the entry of this order, the Polk County court concluded that it had authority to enter the shelter order for the safety of the child. While it may have been more appropriate for the trial court to have contacted this court prior to the entry of such an order, we will not second-guess the trial court’s decision to shelter this child in light of these unusual circumstances.
The petition for writ of prohibition is denied and the petition for writ of habeas corpus is denied.
ALTENBERND, A.C.J., and FULMER and QUINCE, JJ., concur.